Case numbers 21-6214 Brian Whitman v. USA 23-3577 Michael Savage v. USA Argument not to exceed 20 minutes per side. Mr. Brockman and Ms. Coffin you may proceed for the appellants. Good morning. Good morning. May it please the court. Eric Reutman for Michael Savage. I'll reserve two minutes for rebuttal. All right, sounds good. Under the plain text of section 2255 Michael Savage is entitled to have his 924C conviction vacated. The government agrees he did not commit that offense. But it asks this court to create an equitable rule that would require Mr. Savage to serve out the remainder of his sentence on that concededly invalid charge as a roundabout way of punishing him for charges that were dropped during plea bargaining decades ago. Charges for which Mr. Savage was never convicted. This court should reject that invitation to judicial lawmaking. Boosley said more serious, not equally serious. And the government's proposed extension of Boosley rests on policy concerns that Congress has already addressed. I welcome the court's questions. Don't you think isn't the question is this more like Boosley or not like Boosley? I mean, you can't argue too aggressively with this other statute because I assume you agree we have to follow Boosley, right? The statute doesn't displace the more serious charge situation, right? Well, so I think if you ascribe to Boosley the rationale that the government has given it and the rationale that this court and the Seventh Circuit seem to agree on, which is that the point of the more serious foregone charge inquiry is to provide this equitable mechanism for preventing a defendant from escaping punishment on foregone charges. If you agree that that is the rationale. I'll just have you pause there. The equitable one goes in both directions. That's why the less serious, we're inclined to probably agree with the D.C. Circuit on that. Right. So it's not one-way equity. Right. The question is what to do with this little one in the middle. Right. Is it more like the worse or is it more like the less? And why isn't it more like the worse? Because you understand the bargain. Well, so I think maybe a good way to think about this is to consider how the government treats less serious charges. What the government says is that a defendant should not have to prove his innocence of less serious charges because it would be unfair to require the defendant to serve out the remainder of his sentence on an invalid charge simply because he cannot prove his innocence of a less serious charge. And that kind of shows that the logic of their rule is that they want the defendant to serve out the remainder of his sentence as this proxy for the punishment on the dropped charge. And if that is the rationale you ascribe to Boozley, then we would say that Section 3296 likely does abrogate Boozley. And, you know, there's a circuit split. If this case gets to the Supreme Court, we would expect based on its separation of powers precedence, the court may overrule Boozley. But the question here is a lot easier. The question here is whether you extend Boozley. Just like your answer to that last statement, you think the Supreme Court will overrule Boozley on the basis of this statute? So we think that, yes, if I think it's important here to Let's talk about this statute then. This statute applies to the situation where I plead and then three months later I have buyer's remorse. I go to the trial judge and say, ah, things have changed. And the judge says, okay, I hear you. We'll undo the plea. It covers that, right? It covers direct appeal. Why are you saying this statute has Boozley in its sights? I mean, that just strikes me as maybe overstating things. So we're not saying the statute necessarily has Boozley in its sights. We're not saying Congress targeted Boozley and said we want to abrogate Boozley. We're saying that Congress was targeting the same policy problem that the government says Boozley is addressed to. Where's the thing in Boozley where Boozley, nothing else, where in Boozley does it talk about statute's limitations? So nowhere. Nowhere. And I want to be clear that we think there's two ways you can read Boozley. Maybe the people that passed the statute had never heard of Boozley. Is that possible? That's possible. So that's possible. I have a few responses on that. First, we think you can read Boozley in a few ways. And I think either way it cuts against the government. You could read Boozley for what it says on its face, which is it creates this more serious foregone charge rule and provides no rationale for it, does not explain why it exists. If you read it that way, then we think you should just apply it as written because it doesn't make very much sense to extend a rule that doesn't have any apparent rationale. If you ascribe to Boozley the rationale that this court agrees on, the Seventh Circuit agrees on, the government invokes, then you still shouldn't extend Boozley because after Boozley, Congress addressed that same policy rationale. Now, if you don't want to get into, you know, what Boozley Court was thinking about, you don't have to to resolve this case because either way, the government is arguing that their proposed extension of Boozley, their equally serious foregone charge rule, is based on that same rationale, preventing a defendant from escaping punishment on foregone charges. So the question for separation of powers purposes is whether the government's equitable rule is based on policy concerns Congress has already addressed. Their proposed extension of Boozley... So I'm just, it's not clear to me that the statute of limitations provision would automatically apply in this scenario. Because, you know, do you have it in front of you by chance, the statute of limitations? We're talking about Section 3296? I don't have it in front of me, but I've read it. Well, one of the provisions that is required to trigger the saving statute of limitations is that the guilty plea was subsequently vacated on the motion of the defendant. Now, it's not obvious to me, if a defendant is seeking to vacate the sentence for one offense under 2255, that the entire guilty plea would be vacated. So I could envision a scenario, like in this case, if we said the actual innocence exception applied, vacate the sentence for this offense, that it wouldn't even trigger 3296. And so what would your response be to how those two interact, the fact that 2255 might not even trigger 3296 in all circumstances? Right. So a few responses on that. The first is when Congress enacted Section 3296, it was acting against the backdrop of the case law that existed for post-conviction relief at the time. And often how this situation was referred to, it was referred to as a motion for vacating the guilty plea, even if you're only challenging one particular charge within a multi-part sentence. That's first. Second, many, many, many, many courts have now, since Section 3296 was enacted, have said that it applies in exactly this situation, where someone raises a challenge to one charge out of several in their sentence, and they ask for their sentence to be reduced, or they ask for that one particular charge to be vacated. The Fourth Circuit has said that. We cite in our brief a lot of cases where the government has invoked Section 3296 in these situations, and the government has accepted it. So I think it definitely does apply to cases like this. And the last thing I'll say is I understand that different members of the Court ascribe different importance to legislative history, but the legislative history on Section 3296 could not be clearer. Congress specifically mentioned several different cases from the 90s that are a lot like this one, where there is a challenge brought to a plea, or sorry, a challenge brought to a charge within a plea agreement. The sentence is vacated, and then the government moves to reinstate the charges, and the problem is the statute of limitations bars that reinstatement. So it's pretty clear Congress was acting to the same loophole that this Court said the more serious foregone charge rule was addressed at in Pevler in 2001, which is just one year before Section 32. Can I ask one other question, now switching statutes, 2255? I think your underlying claim on the merits would be a knowing and voluntary claim. You pled guilty to an offense not knowing that it wasn't an offense. I would suggest that the statute that would cover that, I think under 2255B, it says if the Court finds that the judgment was rendered, or if the Court finds that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the Court shall vacate and set the judgment aside. Now, I agree with you that there's a shall there, so the other habeas statutes, there's the may, and that's interesting. The Court may have channeled the discretion in a way that made relief more mandatory. But it seems to me that the language, the prisoner as to render the judgment vulnerable to collateral attack, would incorporate the types of actual innocence ideas, or traditional notions of equity that go into habeas. So when you criticize Bousley as being about judicial lawmaking, one response to that would be no, it's just an interpretation of this general language, which may actually call for that type of inquiry. And so what's wrong with thinking about it in that terms, not in terms of judge policymaking, but in terms of just simply interpreting 2255? In other words, we get a little stressed out when you accuse us of doing lots of judgment things. So that's what he's saying. Right, so I guess just to note, my time has elapsed. Is it okay if I keep going? Absolutely. Hopefully. So Bousley itself did not purport to be interpreting any statute or applying any statute. It did not purport to be doing anything other than just creating an equitable rule. So I think it's a big stretch to read it that way, and no court has read it that way. Not this court in Pevler, not the Seventh Circuit in Lewis v. Peterson, not the D.C. Circuit in U.S. v. Costa, Judge Garland's opinion. So I just think it's a big stretch. And the other thing I'd say is it's true that we are in this world of a lot of judge-made rules, but if you kind of strip away all the judge-made rules, what remains is my client's statutory entitlement under Section 2255. From there, the government invoked not anything in the statute, but procedural default, which is a judge-made rule. I mean, I would interpret procedural default as to render the judgment vulnerable to collateral attack. The B language does not necessarily strike me as you show a constitutional violation, you are automatically entitled to relief. That language suggests that there is some amount of discretion, and the courts have used procedural default in a way to channel that discretion. And that doesn't seem, that seems perfectly plausible to me as an interpretation of that provision. Well, so the Supreme Court itself in U.S. v. Massaro in 2003 said procedural default is a judge-made rule. It says it is not based in any statute. We cited that case in our opening brief. So they invoked, you know, we invoked a statute. They invoked a judge-made rule procedural default. So we invoked an exception to a judgment. When is 2255? Isn't that like the 1940s or something? I believe Section 2255 is the habeas statute. I'm sorry, maybe I don't understand your question. I thought 2255, maybe I've got it confused. But the point is it would pick up whatever the common law judge-made rules were. Right. And the Supreme Court has said that in many instances, Section 2255 picks up judge-made rules that exist in the past. All we're saying here is just that I think it's the wrong way to look at the case to say that the government invoked a statute and we invoked a judge-made rule. I think we invoked a statute. The government invoked judge-made rules that may or may not have been picked up in the statute. But either way, if you strip away all the judge-made rules, we're the one invoking a statute. Well, speaking of judge-made rules, I'd like to follow the clock. So let's try the next lawyer on this. Thank you. Thank you so much. Good morning. Hi, good morning. I'm Jennifer Coffin. I'm here today on behalf of Brian Witham. I'd like to reserve two minutes of my time. It is Mr. Witham's position that the clear and fair terms of Bousley's stated rule means that he does not have to show he's actually innocent of the 924C counts that were dismissed as part of his plea agreement, counts that the government concedes are equally serious in his case. I'd like to go back to Judge Sutton, your question about which situation is this more like. And I would suggest that the better question to ask is how is the situation where a person pleads guilty to equally serious charges, how is that different from the rule that the Supreme Court actually stated in Bousley? And it is different. The Supreme Court was not, by definition, facing greater punishment. They were looking at equally serious punishment. Does it make a difference that in Bousley itself it looks like they were actually equally serious charges? I know they don't talk about it. I know that's not part of their reasoning. But is that not true about the facts of Bousley itself? Well, I think in this situation... Is that just on that point, is it not true that in Bousley itself they were equally serious? I realize that's not what they said, but am I right about the facts of Bousley? The facts of Bousley are that the government did not charge Mr. Bousley with the carrying prong of the offense that was the offense that he pled guilty to. I know, so I'm just asking, is that an equally serious situation? It's equally serious in the sense that it is a means of committing the same offense, so it would have an equally serious punishment. But the court did not reach the question, it didn't even discuss whether it was an equally serious offense or a more serious offense that would be subject to its rule, because that particular charge was never foregone. I thought when you started you were going to come at it from a perspective I was hoping I'd hear from you, which is just trying to think through the fairness of the defendant. I would love to talk about that. So the reason I start with a little skepticism is... So I'm putting Bousley aside now, just a different line of questioning. The defendant's already shown us what he would do with an equally serious, because we know that's what he did. He pled guilty to this one in return for something the same, so why isn't that revealing? What is it about the same that would suddenly make it look really weird as opposed to one that is more serious? That's puzzling to me. So the question is, what is the difference between the nature and where the rule in Bousley, what it arose from, which is that we are weighing the relative equities between the defendant's profound interest in not being sentenced, punished, serving a sentence for conduct that is not a crime versus the government's interest in finality and conservation of resources. That's the baseline that we're talking about when we talk about actual innocence. The additional concern of the rule in Bousley is that the person who pleads guilty to less serious charges is facing less serious punishment, has actually changed the balance of those equities, because now they have escaped greater punishment by pleading guilty. So we have a different balance of equities for that person, but the balance remains the same that it always is for actual innocence, which is the inquiry here, which is about a factual inquiry about miscarriage of justice. That remains the same from the defendant's perspective. His interest in not serving a sentence for conduct that is not a crime is just as great in that situation as the person where the... That seemed inequitable to me in the sense of, if I thought about this in terms of what if we knew at the time of the plea bargaining that this offense was invalid? It strikes me as incredibly unlikely that anything would have changed, because they would have just flipped it over to a different case. One of the three still existing use of a firearm during a carjacking. It just strikes me as the defendant in this case would be getting a windfall in some respects. I guess my response to that is that at this particular stage, in this particular type of proceeding, inside this equitable inquiry, the court should not be guessing about what might have happened. In fact, I would turn the court's attention to then Judge Merrick Garland's statement in CASO at page 223. He says, the dynamics of plea bargaining are complicated, even more complicated if we factor in the offenses of equal severity, so that while we could guess and hypothesize about what would happen, that's not the inquiry that's at stake here. Is that the less serious case? That's the D.C. Circuit less serious one? He was talking about equally serious. Ultimately, he comes to the conclusion that in that case, he doesn't decide which rule. I'm just trying to remember which case it is. I think where I'm trying to orient the court is to think about where the actual innocence rule comes from, what it's about, what the balances are, what the interests are being balanced, and that the rule for more serious offenses, the more serious the offense, the more serious it is. And I think that that is an exception to the basic analysis, and that hasn't changed. What do you think? I guess in your case in particular, I'm having trouble understanding how this would help your client if we agreed with you, because there are these three outstanding charges. I'm curious to get your take on whether you think the tolling statute of limitations that your friend has been arguing for, whether that would apply here. Because if so, it strikes me that your client could end up worse off because there are these three still outstanding carjacking, the use of a firearm during the carjacking provisions. Plus, your client has already basically implicated himself in the entire scheme with his testimony. So it strikes me as if we opened everything back up, it would be very easy for the government to reindict your client on those three that he benefited from with the plea bargain. And then there would be a slam dunk case at trial, because they would just use his testimony admitting to having done this. And then he would actually end up with a longer sentence, because the three, I think, would have to run consecutive. There might be an issue about whether the new First Step Act should apply the stacking. But that strikes me as actually harming your client, so it's not obvious to me why this would benefit him. Well, I have two answers to that. One is that he has a profound interest in the fact that it's not a crime. He has a profound interest in that. The second answer I would give you is that if and when, it's incredibly premature, this is how I would put it, it's incredibly premature to guess at what would happen if his sentence and conviction for count 13 were vacated. It is unclear what the government would do. We don't know what the government would do. We don't know whether the terms, as you've already alluded to, of 3296 would actually apply to allow reinstatement. I was curious if you thought they did or did not apply. I know it's not in your brief, but the other side has argued it. So I'm curious if you had a position on it. Well, I'm aware of the various cases out there, and I think I would have to say that we don't know what will happen, but that our position would be, obviously, that if the government were to try to reinstate charges, we would address that when it came up and try to argue that they couldn't. Can I ask just one other really basic common sense way of thinking about it, and just tell me why that's a mistake here? To me, there's a part of me that just thinks I should look at this through the lens of harmful versus harmless air. And that's, you know, enough with this and that. That's just all that's really going on, and that's all Boosley's about. Harmless air is always tricky, because you don't really know what would have happened if the trial, for example, had been done without this evidence or with this evidence. So it's always requiring some predictions that always makes you a little uncomfortable. But in a situation where the foregone is exactly the same, or worse, it just doesn't seem that hard to say harmless. And if it was less worse, it's pretty easy to say harmful. So if I'm thinking of it in that very simplistic way, what's wrong with that way of thinking about it? Well, I would say my first answer to that is that's not the way the Supreme Court has thought about the actual incident at all. I think you know I have that. That's why I started the question the way I did. Maybe you forgot how I started the question. No, I remember very well. But my answer has to be... What's wrong with it? Okay, so Boosley doesn't use that phrase. What's wrong with that way of thinking about it, though? Because we're talking about actual innocence. We're talking about whether someone is serving a sentence for conduct that is not a crime. And that goes to a fundamental miscarriage of justice, which is not necessarily what's happening in the harmless error analysis. Okay. All right. I got it. Thanks. Good morning. May it please the Court. Mahogany Reed for the United States. I want to start by level setting about what the purpose of the Boosley Actual Innocence Rule is, which is consistent with rules of finality of criminal judgments and the intentionally high standard for overcoming a procedural default, and especially the strict limitation on collateral review in the guilty plea context. Boosley's Actual Innocence Rule is intended to provide a very limited exception to the general rule that procedurally defaulted claims are unreviewable. And when viewed through that very narrow lens, it makes sense to read Boosley's Rule to require a defendant to prove their actual innocence of equally serious charges. You know, just to make sure we're on the same page, we're not invoking any appellate waivers, collateral attack waivers? Not invoking any of that, right? That's right, Your Honor. The only defense we're raising is the procedural default objection or defense. And we think that Boosley's logic naturally requires that the defendant prove their actual innocence of the equally serious foregone charges such that they're unable to overcome the procedural default in these cases. We think that Boosley itself is consistent with that. As we explain in our brief, the Court's reasoning that Boosley didn't have to prove his actual innocence of an equally serious foregone charge demonstrates the probability that had the government been able to prove that it forewent the equally serious carrying charge, Boosley would have had to prove his actual innocence of that. I think if the Court were serious about limiting the Actual Innocence Rule to more serious charges, it would have said something about the relative seriousness of the potentially, though not in that case, foregone equally serious charge to say. Since there's a lot of predictions that's going on here, because you're predicting, oh, well, gosh, if it was a worse charge, it wouldn't have made a difference. If it was a less worse charge, it would have made a difference. That's the way the typical defendant would behave. We're predicting why, when it's equally serious, don't we let the defendant decide? In other words, just send it back and all bets are off. Judge Murphy might be right. Some defendants may end up regretting it. But since predictions are hard, why, when it's equally serious, shouldn't we let the defendant actually do it, make the choice? Well, I would suggest that predictions are hard even when the foregone charge is more serious, because adding a defective charge to the mix kind of changes the plea dynamics as a general matter. But in the equally serious context, it makes sense, as I was explaining before, that consistent with the very limited exception or the very limited rule or pathway that Bosley intends to provide to criminal defendants, that where there's not a high likelihood that the defendant would have exchanged his guilty plea for the foregone charge with the, or maybe I mean if there's not a low likelihood that the defendant would have exchanged his guilty plea for the foregone charge with the charge of conviction, then there's no reason to upset the judgment. Why, the way this case has been presented is like there's just a yes or no option for each of these categories. Bosley says you have to prove actual innocence of more serious charges. The D.C. Circuit says you don't have to for less serious, and then we're debating here equally serious. Is it obvious that it should be a categorical rule that it's always, if it's equally serious, then the defendant has to prove actual innocence? Why couldn't it be case by case depending on the circumstances? I was interested in Chief Judge Sutton's hypo about harmless error. That's, generally speaking, there's no categorical rules in the harmless error context. It just depends on looking at it. Why would the defendant have pled guilty under all the circumstances to the foregone charge if the defendant had known that the charge to which he pled guilty was invalid? And then we just do a kind of a fact-bound totality of the circumstances and ask what the answer to that is. And if the answer is we think it's more likely than not he would not have pled guilty, just reopen it up and let the defendant decide. Yeah, I think that's an especially reasonable approach to the question of whether, at bottom what we're getting at here is whether the defendant evaded a harsher sentence in exchange for his guilty plea, and that is very context-specific and context-dependent and depends on the nature of the charges that the government dismissed in exchange for the defendant's guilty plea. And I think it's especially complicated in the context of the government's dismissing multiple charges in exchange for the guilty plea. I think we're talking about this as a one-to-one comparison to Your Honor's question of the relative seriousness of the foregone charge and the charge of conviction, but that doesn't really capture the entire picture of the question of seriousness. For example, in Mr. Witham's appeal, the government did forego three individually equally serious charges that would remain valid today. But combined, the seriousness of those charges increases drastically. And I think that's an important consideration. Yeah, so that was kind of where I was getting at. So why wouldn't it be almost like we could find that in Witham's case, maybe the fact that there were three more equally serious, he would have just pled to one of those, lost the other two, that still makes a lot of sense to me. But I don't know that you could say that in Savage's case, because I think there was only one outstanding 924C charge that he got dismissed. So maybe it's more reasonable to think Savage would have stood trial, rather, because there's not much of a benefit. What's the upside of pleading guilty when there's only one 924C charge on the table? Well, the upside of, well, so just to really quickly cover Mr. Witham's appeal, I think that that is the sort of mode of analysis this court engaged in in the Pebbler decision. And so as we explained in our brief, the Pebbler decision should be dispositive in his appeal. In Mr. Savage's case, where the government forewent a single 924C charge, I think it's important to realize that, let's see, what am I trying to say here? In Mr. Savage's case, I think it's fair to assume, absent any indication otherwise in the record, suggesting that he was not interested in pleading guilty, which is what the court in Lewis explained. Where we know the defendant wanted to plead guilty, was not interested in proceeding to trial. And where there's no indication of that, you know, negotiations depended on his foregoing... It's very difficult, if it turns on what this prosecutor, this defendant might think, would think, after they cross the international date line, a lot easier to think about it just objectively. This is what this statute does. This is the range of punishment. This is the same. This is more. This is less. And I think we're really going to be at sea if it's trying to predict what this defendant or that defendant would do. Have you thought about Judge Murphy's point? So I looked it up. 2255 is from 1948. So judge-made rules had occurred before 1948, including rules with respect to collateral attack. So Judge Murphy's actually saying, you know, we shouldn't be ashamed to look at the statute. And the statute refers to making a judgment, quote, vulnerable to collateral attack. So is one way to think about this that, well, no, that's, you know, it doesn't make a difference to the case. But one way to think about actual innocence rules, exceptions to actual innocence rules, is they're just all trying to interpret vulnerable to collateral attack. I mean, if you haven't thought about it, it's not worth just doing it on the fly. But if you have thought about it, you know, you wrote a great brief. I'd love to hear what you thought. I haven't thought about it. I'm happy to think about it and provide a supplemental answer. If you have any Eureka thoughts in the next week, let us know. Otherwise, we'll work with it. But I keep going. I just wanted to see if you did have a thought about the question. But just to turn back to why it makes sense to require Mr. Savage to prove his actual innocence of an equally serious charge. I think we agree with the district, I mean, the Seventh Circuit's explanation and discussion in the Lewis decision. Where it's obvious the defendant wanted to plead guilty. It's obvious Mr. Savage wanted to plead guilty. And where the question is the threshold question. In Lewis, how many other charges? There was only one foregone charge. There was only one, so it was like Savage in Lewis. That's right. There was one single 924C charge of conviction and one foregone charge. And the court in Lewis acknowledged, and I think we agree, that it is, we can't be sure what would have happened had the defect in the charge of conviction been known to the parties below. But it's a safe assumption for purposes of the question, whether the defendant can overcome his procedural default, to be clear, that's the context that we're in, and prove his actual innocence, be entitled to, in this case, reinstate the foregone charge. It doesn't make sense to just sort of require the government to, or it doesn't make sense to permit the defendant to overcome his default, where it's just not clear that that should be the outcome. I don't know if you remember this, I can't remember Boosley itself, do you remember how many charges were foregone there? Numbers, not, I know there were some that were the same, but was it just one? In Boosley itself there were no foregone charges. So in Boosley the government did not forego a charge, but the government, the relative seriousness of the charge the government was asking the court to require Mr. Boosley to consider, or to prove his actual innocence of, was an equally serious foregone charge, and just a single sort of, a single count. Yes, it would be, what a rule to navigate. But I think what makes it easy for this court is, again, the context of the rule, and the purpose of the rule. We're not dealing with a case where the defendants didn't default on their claims below, and the question is just whether they should be able to prove their actual innocence. In fact, the actual innocence exception wouldn't be applicable had they properly raised their claims on direct review. We're in the procedural default world. Is that a fair point, actually? I mean, would it have made a difference in both of these cases had they raised this exact claim on direct review? Didn't Davis or whatever the decision was come quite a bit later? Am I misremembering this? Well, I mean, it would have made a, it would, right. So the Davis decision and the Taylor decision came quite a while after. So why are you making the point that they should have done this on direct review? I'm not getting that. I'm not getting your point here. Well, I guess I'm getting at the point that by raising this on direct review, they would have preserved the claim that they raised now, and not been in the procedural default world. It's in the procedural default world where the standard for upsetting the final judgment is, as this court explained, intentionally high. And the presumption of the finality of the judgment is a strong presumption. And so had they raised their claim on direct review, I agree they likely would have been unsuccessful until the Davis and Taylor decisions came around. But it would have, on the collateral, in the collateral review process, cleared them of the at least procedural default obstacle. Can I ask a question that I asked your friend on the other side about the scope of the statute of limitations and what the government's position is? So imagine in this case if we sent it back and the district court vacates the judgment and just kicks the one 924C consecutive sentence. But keeps everything the same, it doesn't vacate the guilty plea. Does the government have a position on whether it would fall within the statute of limitations such that the government could pursue the other dismissed charges at that point, even though one of the requirements is that the guilty plea was subsequently vacated within 3296? I think particularly in these cases where the foregone, I'm sorry, the charges of conviction were consecutive to the overall sentence, the district court likely could just kind of strip that consecutive portion of the sentence out without upsetting the entire guilty plea. But you don't, in that scenario, you don't think the state's saving statute or whatever, the statute of limitations, would have applied and so the other claims might be untimely then? No, I don't think the other claims, I think in a circumstance where the guilty plea were vacated, which is a condition in the statute, if the guilty plea were vacated then the government would have the ability to reinstate those charges. That's my question. If all the district court does, 2255 just says vacate the judgment and do various things, one of which is correct the sentence. And if all the district court does is vacate the judgment and just reduce the sentence by, what, the 60 months or whatever, whatever, how many years, it's not obvious to me that that qualifies as vacating the guilty plea. And so it's not obvious to me that it would trigger the statute of limitations. Now, your friend on the other side says the government's position has always been that they treat that as vacating the guilty plea. That's right. I'm not aware of a case where we've raised the argument that where a defendant successfully vacates a consecutive sentence or a consecutive piece of the sentence that is not vacature of the guilty plea and the government cannot raise the 3296 mechanism. I agree with counsel opposite on that point. Well, then why doesn't that suggest that Congress designed this statute for that scenario and we should just say it's a buse or however you pronounce it has been abrogated? Because really for the reasons that we explained in our brief, and I think some of these points came out during counsel opposite's presentation, there's no indication at all that the Bosley court was concerned with providing a reinstatement mechanism for foregone charges or ensuring that the government could prosecute on foregone charges in the event the defendant successfully vacated his guilty plea. Bosley was purely concerned, as I explained before, with creating a limited exception to the ability to have the defendant's 2255 motion reviewed on the merits at all. And so the Bosley decision in section 3296 just occupied totally opposite parts of the sort of collateral review process. And there's no indication again in Bosley itself that it was concerned with the reinstatement issue and there was no concern in the legislative history of section 3296 that it was concerned with what Bosley was concerned with, which is what showing a defendant has to make to overcome the procedural default. 3296 would apply whether or not the defendant procedural defaulted the claim, right? That's right, Your Honor. Even if they had preserved it on direct appeal, as you had said, and then they could bring it after Davis because that's a collateral, you know, it applies retroactively, then the government would still have the option to file the new charges even in that context. So it's beyond procedural default. That's right, Your Honor. It's not limited to procedural default. It's not limited to collateral review. We could imagine a circumstance where the government, you know, files charges near the end of the statute of limitations, the defendant pleads guilty and the defendant successfully vacates his guilty plea after the statute of limitations has ended, in which case the government would still have the ability under the statute to move to reinstate the foregone charges. I do want to make one final sort of note on disposition. If this court agrees that the defendants are required to prove their actual innocence of the foregone Section 924C charges, we don't think that remand is appropriate for them to attempt to make that showing on these records, where both defendants admitted to or failed to object to conduct that proves their guilt to those offenses. And in Mr. Witham's case, where the very detailed factual basis for his plea and where his testimony and his co-defendant's trial lists his participation in the conduct underlying those charges. And we would cite this court's decision in Luster as an example of the court rejecting a defendant's request for remand for consideration of the merits of his actual innocence claim. Unless the court has further questions, we ask that you affirm the judgments of the district court. Thank you. So, Judges Sutton and Murphy, you were asking about the text of Section 2255. I want to hit that. For many, many decades, courts interpreted loose text in Section 2255 to allow them to make equitable rules, essentially to import these equities. Incorporated these backdrop rules. Right, but so what the Supreme Court has said over and over again in recent cases, in Jones v. Hendricks last year, in Dredd v. Haley and Lonchar, is that courts need to stop doing that. Courts need to stop extending prior judgment rules made by the court, and courts need to stop creating new equitable rules. Tell me what happens, I'm sorry to just take you to a different place, but I'm just embarrassed I can't figure this out in my head. A court made it clear that with respect to, let's say you've admitted a bunch of things, so you've just got all these admissions. They clearly establish lots of crimes, and it so happens that you, there's only one other charge, or maybe there's just that one charge, so I guess that's Boozley itself. Courts, everyone acknowledges that just because you've admitted all this, you can't say it's harmless or that you can't attack it just because it would be so easy for the government, as soon as it's all vacated, to recharge, or not recharge, charge something anew. That's just not part of the inquiry. The reality that the defendant has already admitted to a ton of things, and given those admissions, it's going to be a cakewalk to bring some new charges. We're just not allowed to consider uncharged conduct, I guess is the way to put it. Right, I think that's right. And the courts have said that clearly, or does Boozley itself say that? Boozley itself does not say that or say anything, again, Boozley just does not explain why its rule exists. This is why I'm trying to figure, I'm down this harmless air road, and I'm realizing that shows that's not the only, you have to be careful about thinking about it that way, because I don't think that would be right, even though that could be a measure of harmlessness. Right, I don't think that's the right way to think about it, and the government's rule does not turn on whether the facts on the ground suggest that a defendant is culpable for a particular foregone charge. The government says that every defendant should be presumed guilty of every equally serious foregone charge. Well, I mean, partly because we're just trying to look at objective things, not let this prosecutor decide five years later to bring these charges. Would this defendant now plead today? Right, and the last thing I'll say, Judge Murphy, you mentioned that Section 3296 applies in a lot of situations outside procedural default. I think it's important to note that before Section 3296 was enacted, there was a common law reinstatement scheme that allowed prosecutors to reinstate foregone charges. But the problem was, in procedural default cases, they often weren't able to reinstate those charges, because the statute of limitations has run. That is what this court said in 2001 in Pevel. Oh, look who's incorporating backdrop history into statutes. Sauce for goose and ganders. So I think that shows that the reason the statute was enacted was to allow for reinstatement in cases like this. It is a statutory mechanism for holding defendants accountable on foregone charges. Once that exists, according to the Supreme Court's separation of powers precedence, this court should not be extending equitable mechanisms that achieve the same purpose. I agree with you that the court in recent cases, I would say maybe more outside the habeas context, has ridiculed earlier decisions that seem to have no roots in statutory text. I just don't understand why we can't say Congress essentially delegated some amount of... I don't know if I would call it policymaking. When has historically judgments been vulnerable to collateral attack? That could incorporate within this some of the equity. I would call that interpretation. I wouldn't call it policymaking. I'm not certain the court's recent criticisms say much about that. Even if you say that courts have more leeway in this area, I don't think courts have more leeway when it comes to foregone charges. I don't think courts have more leeway specifically because Congress has specifically legislated in that area. What the Supreme Court has said is that it is Congress's job first and foremost to balance the equities here. To the extent the court is considering extending a judge-made rule or interpreting it into the text of 2255 based on predictions about fairness or equity, or whether a defendant would be better off or worse off, the Supreme Court has said that it is Congress's job to make that judgment. Because you're right, Judge Sutton, predictions are hard, and it is Congress's job to make those predictions, not this court's. I respectfully ask that the district court be reversed. Thank you so much. Thank you. Ms. Coffin. I want to address the idea, Judge Murphy, that in Mr. Witham's case, he necessarily evaded greater punishment because the government dismissed two or more 924Cs. The government, in Mr. Witham's case at least, has never argued that he was actually facing more serious punishment because there were more than one 924C in the indictment. I understand today that the government is saying, well, you know, Peveler was correct. It sort of said, if there are two, you can stack them, but not stack them. You look at the second one, and you see the increased mandatory minimum, and that's how you know they were increased. He was facing increased punishment. The government also agrees, however, that this is a case-specific inquiry that's functional to the specifics of the case. And that's exactly what the court did in Kimbrough. It actually looked to see what the statutory maximum was and compared them in that case based on case-specific circumstances because the death notice wasn't filed in one case. That's the only way that the other conviction, the one for murder of a witness, actually had a higher statutory penalty range. So in this case, and this is what I tried to sort of show in my brief, and that has not really been contested by the government, is Mr. Witham never actually really faced two 924Cs. He was already cooperating before the indictment was even filed. He cooperated so extensively that he helped the government actually build its case against him. So any defense attorney leading him through that process, and the one who did had so much experience doing this, would never have expected, so Mr. Witham could not have expected, that he would be facing two 924Cs in the process that he was in. He was already agreeing to plead guilty. He was cooperating. And so in the functional reality of his case, which is what this inquiry is about, he was not actually facing two 924Cs. That was not on the table. And in fact, what really would be unfair here is for the government to both hold Mr. Witham to an unconstitutional sentence, get an increased sentence as a result of dismissed charges, two of which are unconstitutional now, and also agree to allow his co-defendant to have seven 924Cs vacated, several of which are based on the same or similar conduct that it refused to allow Mr. Witham to vacate, even though he cooperated and helped them get their case against Mr. Benanti. So the equities here really are weighing in favor of following the rule in Bowsley, as it is stated, and what was held in Bowsley, and to say that he does not have to show actual innocence of those 924Cs. I thank you very much. All right. Thanks to all three of you for terrific arguments. Thank you, Ms. Coughlin. We see you all the time. Ms. Reed, thank you for your excellent brief and argument as well. And Mr. Roitman, I see you're court-appointed counsel. Mr. Savage is lucky. I'm particularly impressed that you noticed the other case. I thought that was just really terrific lawyering to identify the other case and make sure your client had a voice in the first decision. So good for you. And since we're not going to announce the decision through a podcast, we're not going to ultimately resolve how to pronounce Bowsley. But otherwise, we'll give you a decision before long.